IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEAN E. PAULCHECK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 4226 |
| | ) | |
| v. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD | ) | Magistrate Judge Cole |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is an age discrimination case in which the plaintiff served extensive discovery virtually on the eve of its closure. Unsatisfied with the defendant's partial responses and the objections, he has moved to compel. Judge Coar denied the plaintiff's contemporaneous motion to extend discovery and referred the motion to compel here. The motion is noncompliant with Local Rule 37.2, which is reason enough to deny it. Indeed, Judge Coar's website conspicuously notes that motions not filed in compliance with the Northern District's Local Rules and Judge Coar's standing orders are subject to being stricken. Judge Coar's standing order provides that the court will not even consider any discovery motions unless there has been compliance with Local Rule 37.2. Indeed, his order goes farther and states that failure to comply with the Rule "will result in the imposition of sanctions."

Local Rule 37.2 provides that:

> this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this

statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

The purpose of the Rule is "[t]o curtail undue delay and expense in the administration of justice." The Rule ultimately rests on what Holmes called the shortness of life and the reality that there is a never ending procession of cases that compete for judicial attention. If the parties can resolve the issue, the court's time is saved and available to be directed to those cases that present issues that cannot be amicably resolved. Each hour needlessly spent on a dispute is an hour squandered. *See Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991)("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention."). This is a problem that the Seventh Circuit has repeatedly adverted to. *See, e.g., Otto v. Variable Annuity Life Insurance. Co.*, 134 F.3d 841, 854 (7th Cir. 1998); *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir. 1996); *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987).

Beyond that, the motion cites not a single case and contains not even a skeletal argument in support of its broad-based requests for what could involve material relating to perhaps 250 of the defendant's other employees. The motion simply says the information is relevant – apparently to be able to make comparisons between the way they were treated and the way the plaintiff was treated – and that the plaintiff is entitled to it. This sort of presentation triggers the rule, faithfully adhered to in this and all other Circuits, that it is not for the court to make arguments for a party, and that skeletal and unsupported arguments are waived. *See Fabriko Acquisition Corporation v. Prokos*, 536 F.3d 605, 609 (7th Cir. 2008)("Nor does [movant] present any case law supporting its theory. It is

not the job of this court to develop arguments for [parties]."); *United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008)("Because it is not the obligation of this Court to research and construct the legal arguments available to parties, . . . these arguments are waived and warrant no discussion."); *White Eagle Co-opinion Ass'n v. Conner*, 553 F.3d 467, 476 n. 6 (7th Cir. 2009) ("[s]keletal and unsupported arguments will not be considered and the argument will be deemed waived." ); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).")(parenthesis in original).

Underinclusive and skeletal presentations impermissibly shift the responsibility to the court to do the lawyer's work and to explicate the arguments that the briefs have left undeveloped. Apart from the fact that such presentations sap the time of judges, forcing parties with comprehensively briefed disputes to wait in a longer queue and condemning them to receive less judicial attention when their cases finally are heard, *cf. Szabo Food Service, Inc.*, 823 F.2d at 1077, putting the onus on the court is a risky business. For it presupposes a judge who, in fact, understands the contours of the argument. But it also puts the judge in the inappropriate position of effectively becoming a lawyer for the party. It is not for a judge to make the case either for or against a party. *Tyler v. Runyon*, 70 F.3d 458, 466 (7th Cir.1995). As Judge Posner has explained, "[i]f we assume the lawyers' responsibilities, we unbalance the market for legal services and take time away from our consideration and decision of other cases." *Luddington v. Indiana Bell Telephone Co.*, 966 F.2d 225, 230 (7th Cir. 1992). *See also United States v. Cronic*, 466 U.S. 648, 655 (1984); *Dal Pozzo v. Basic Machinery Co., Inc.*, 2006 WL 2548250 at *4 (7th Cir. 2006); *Bretford Mfg., Inc. v. Smith System Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir.2005).

It is no answer to say, as did counsel for the plaintiff this morning, that these rules do not apply to "garden variety motions to compel," that his motion does not qualify as a "brief," and that it is not, therefore, subject to the principle that *ipse dixit* presentations are unacceptable. Of course, no authority is cited for this conclusion either, and it is manifestly untrue. It is beyond debate that a "judge rarely performs his functions adequately unless the case before him is adequately presented," Brandeis, *The Living Law,* 10 Ill. L.Rev. 461, 470 (1916), and that only occurs when there are "comprehensive briefs and powerful arguments on *both sides....*" *Adamson v. California,* 332 U.S. 46, 59 (1946) (Frankfurter, J., concurring)(emphasis supplied).[1]

Even if there were some sort of "garden variety exception" to the requirement that lawyers cannot speak *ex cathedra*, this motion is anything but garden variety. Indeed, the plaintiff insists that the information he is seeking is absolutely critical to his case. The information involves approximately 250 other employees and their treatment by the defendant. Putting to one side the fact that granting the motion to compel would play havoc with Judge Coar's schedule for the balance of this case, the information sought is not relevant.[2] In order for information regarding the way other employees were treated to be relevant, they must be similarly situated. If they are not, any

---

[1] Counsel for the plaintiff said that he was excused from compliance with my standing order that requires that all motions be supported by pertinent authority because the motion was not filed here originally. Counsel stated that had the case been here to begin with, he would have complied with the order. Ignored in this is the fact that once the motion was referred here, that order – which simply mirrors certain elementary principles, not unique to me – became operative. Under the curious view advanced by the plaintiff, the content and quality of a motion is dependent upon a judge's standing order.

[2] Discovery and other deadlines count, and judges have the right to expect that they will be adhered to, as the Seventh Circuit has said time and again. Some of the cases are collected in *Robinson v. Stanley,* 2009 WL 3233909, 1 (N.D.Ill. 2009). Indeed, the Seventh Circuit has warned that ignoring deadlines is the surest way to lose a case, *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir.1994). *See also Harris v. Owens-Corning Fiberglass Corp.,* 102 F.3d 1429, 1433 (7th Cir.1996), and that "[l]awyers and litigants who decide to play by rules of their own invention will find that the game cannot be won." *Golden Elevator, Inc.,* 27 F.3d at 302.

4

comparison is meaningless – it is between " 'apples and apples' rather than one between 'apples and oranges.' " *Donnelly v. Rhode Island Board of Governors for Higher Education,* 929 F.Supp. 583, 591 (D.R.I.1996). *Compare Dandy v. United Parcel Service, Inc.,* 388 F.3d 263, 274 (7th Cir.2004)("This court has held that an employee has failed to prove that she was 'similarly situated' to her comparitors when she did not present evidence that she and coworkers shared the similar 'attributes, experience, education, and qualifications relevant to the position sought....' "); *Lehrman v. Gulf Oil,* 500 F.2d 659, 667 (5th Cir.1974), *cert. denied,* 420 U.S. 929 (1975)("the business used as a standard must be as nearly identical to the plaintiff's as possible."); ABA Section of Antitrust Law, Antitrust Law Developments, 877-879 (5th ed.2002)(and cases cited). The motion says nothing of this requirement.

Decisions made by other decision-makers than those responsible for decisions affecting the plaintiff are not proper objects of discovery in cases involving harassment or claims of unequal treatment. For example, in *Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 617 (7th Cir.2000), the court held that "[i]n determining whether two employees are similarly situated a court must look at all relevant factors.... [F]or example, ... [when a] plaintiff claims that he was disciplined by his employer more harshly than a similarly situated employee ... a plaintiff must show that he is similarly situated with respect to performance, qualifications, and conduct." This normally requires a showing that the employees "dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Id.,* at 618.

In *Hull v. Stoughton Trailers, LLC,* 445 F.3d 949 (7th Cir.2006), the court held that employees were not similarly situated where plaintiff's "evidence lack[ed] any information

pertaining to the job duties of the comparators, the supervisor(s) involved in the comparators' discipline, and whether any of the comparators had job performance histories somewhat comparable to [plaintiff's]." The principles in *Radue* and *Hull* have been repeated time and again by the Seventh Circuit *See e.g., Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 592 (7th Cir.2008); *Amrhein v. Health Care Service Corp.*, 546 F.3d 854, 860 (7th Cir.2008) ("a similarly situated employee needs to be 'identical,' but the Plaintiff must show that the other employee 'dealt with the same supervisor, [was] subject to the same standards and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'"). *Cf., Ulreich v. Ameritech Cellular Communications, Inc.*, 1999 WL 160838, *6 (N.D.Ill. 1999) ("Vogt and Clark were not similarly situated because they were not in management positions and had no responsibilities for managing the processing of the reseller credit requests."). These principles are as applicable in cases like the instant case as in any other.

In short, on the state of the present record, the information sought is irrelevant. Without any evidentiary support that decision-making was indeed centralized – an argument the motion does not even make, let alone prove, and which, in any event, the defendant has denied – the plaintiff's request amounts to nothing more than a "fishing expedition," *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002)– and a very tardy one at that.[3] And, notwithstanding the expansive discovery provisions in the Federal Rules of Civil Procedure, the Seventh Circuit has cautioned against such frolics. *See e.g., United States v. Westmoreland*, 122 F.3d 431, 434 (7th Cir. 1997); *E.E.O.C. v.*

---

[3] At the oral argument, the plaintiff's counsel insisted that the decision-making was centralized. Defense counsel adamantly said it was not. Unsupported statements in briefs and in arguments are not evidence and do not count. *See United States ex rel. Feingold v. AdminaStar Federal, Inc.*, 324 F.3d 492, 494, 497 (7th Cir. 2003); *Alioto v. Marshall Field's & Co.*, 77 F.l3d 934, 935 (7th Cir. 1996); *Car Carriers Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *In re: Payne*, 431 F.3d 1055, 1060 (7th Cir. 2005)(statements in oral argument).

6

*Harvey L. Walner & Associates*, 91 F.3d 963, 971-972 (7th Cir. 1996); *Todd by Todd v. Merrell Dow Pharmaceuticals, Inc.*, 942 F.2d 1173, 1178 (7th Cir. 1991); *United States v. Bob Stofer Oldsmobile-Cadillac, Inc.*, 766 F.2d 1147, 1153 (7th Cir.1985)(refusing to grant Rule 56(f) continuance for additional discovery where party has made only "vague assertions" that further discovery would develop genuine issues of material fact).

"But discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The discovery rules are not a ticket, Judge Moran has wisely observed, to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. *Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055 at *2 (N.D.Ill.1994). "Parties are entitled to a reasonable opportunity to investigate the facts-and no more." *Id.* The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.... Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153 (1979). Failure to exercise that control results in enormous costs to the litigants and to the due administration of justice. *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); Frank Easterbrook, *Discovery as Abuse*, 69 B.U.L.Rev. 635 (1989).

The Motion to Compel is denied, except for those matters that the defendant has promised it would produce and except for the three depositions that are to be taken by phone. The claim that allowing these depositions to proceed will burden counsel because the motion for summary judgment

7

is due in a month is unconvincing.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

DATE: 4/29/10